FILED
SUPERIOR COURT
OF GUAM

2023 MAR 15 AM 11: 57

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>POUNI MORI,<br><br>Defendant. | Case No. CF0040-99<br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on January 3, 2023, for Motion Hearing on Pouni Mori's ("Defendant") Motion to Dismiss. Assistant Public Defender David Highsmith appeared for Defendant. Assistant Attorney Katherine Nepton appeared for the People of Guam ("People'). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss.

## BACKGROUND

On January 13, 1999, the Grand Jury indicted Defendant on the following charges: (1) Driving Under The Influence Of Alcohol With A Child On Board (As a Third Degree Felony); (2) Driving Under The Influence Of Alcohol With A Child On Board (B.A.C.) (As a Third Degree Felony); and (3) Open Container (As a Misdemeanor). Indictment, Jan. 13, 1999. A summons was issued on January 13, 2022, but the deputy marshals were unable to serve it on Defendant. Summons, Jan. 13, 1999; Affidavit of Non-Service, Jan 16, 1999. Defendant

failed to appear at his arraignment on February 17, 1999, and the Court issued a warrant of arrest. Minute Entry, Feb. 17, 1999; Warrant of Arrest, Feb. 23, 1999. On October 26, 2022, deputy marshals filed a return of warrant service after Defendant was arrested by Guam Airport Police officers pursuant to the warrant of arrest. Return of Warrant Service, Oct. 26, 2022. Defendant filed the instant motion. Mot. to Dismiss, Dec. 19, 2022. The People filed an opposition. People's Opp'n. to Def.'s Mot. to Dismiss, Jan. 3, 2023. The Court took the parties' arguments under advisement. Minute Entry, Jan. 3, 2023.

## DISCUSSION

Defendant argues his both his statutory and constitutional speedy trial rights were violated because he "was not arraigned until twenty-three years after the indictment was handed down." Mot. to Dismiss at 1. Defendant further argues "[t]he main reason for delay would seem to be government negligence." *Id.* at 4. The People assert that "[t]here has been no attempt by the People to delay this Defendant's trial by any means." People's Opp'n. to Def.'s Mot. to Dismiss at 3. The People further assert that "[t]o allow a defendant to have charges against them dismissed simply because they successfully absconded 'long enough' is an affront to the law." *Id.*

Defendant alleges both his constitutional right to a speedy trial and his statutory right to a speedy trial have been violated. Mot. to Dismiss. "[A] statutory right to a speedy trial is separate and distinct from a constitutional right to speedy trial." *People v. Julian*, 2012 Guam 26 ¶ 19. Accordingly, the Court addresses each separately.

### A. Defendant's statutory speedy trial rights were not violated.

Title 8 G.C.A. 60.10 requires that a defendant "shall be arraigned promptly." The statute does not define "promptly." The Supreme Court of Guam has held that "unless good

cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the date of filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*"). The Supreme Court of Guam further stated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

The indictment indicates that Defendant's alleged conduct occurred on or about October 2, 1998. Defendant represents that he was arrested on October 2, 1998, and issued a Notice to Appear at the time of his arrest. Mot. to Dismiss at 1. Defendant states that this Notice to Appear instructed he appear at Superior Court of Guam on June 9, 1999. *Id.* There is nothing in the record documenting the date Defendant was arrested, nor there a Notice to Appear in the record. Neither party has submitted a copy of the Notice to Appear. Likewise, the parties represent that Defendant was indicted on July 13, 1999. Mot. to Dismiss at 1; People's Opp'n. to Def.'s Mot. to Dismiss at 2. The Court finds no record of an indictment filed on July 13, 1999. Rather, the Court finds that the Grand Jury indicted Defendant on January 13, 1999. Indictment, Jan. 13, 1999; Min. Entry, Jan. 13, 1999.

The statute of limitations is three years for felony offenses and one year for misdemeanor offenses. 8 G.C.A. § 10.20(c); 8 G.C.A. § 10.30. Defendant is charged with 16 G.C.A. §§ 18102(a)–(b); 18109; and 18121.[1] As a result, the statute of limitations for the first and second charges in the indictment was three years, and the statute of limitations for the third charge in the indictment was one year. 8 G.C.A. § 10.20(c); 8 G.C.A. § 10.30; Indictment. Provided that Defendant was arrested on October 2, 1998, as Defendant represents and the

---

[1] 16 G.C.A. Chapter 18 was repealed by P.L. 34–107:3, and the offenses Defendant is charged with were transferred to 9 G.C.A. Chapter 92.

Indictment suggests, the People had until October 2, 2001, to charge Defendant with Driving Under The Influence Of Alcohol With A Child On Board (As a Third Degree Felony) and Driving Under The Influence Of Alcohol With A Child On Board (B.A.C.) (As a Third Degree Felony), and until October 3, 1999, to charge Defendant with Open Container (As a Misdemeanor). *See* 8 G.C.A. 10. 16 ("Time starts to run the day after the offense is committed."). Defendant was indicted on January 13, 1999, which is within the statute of limitations. Indictment, Jan. 13, 1999. Thus, the Court finds no speedy trial violation between the time of Defendant's arrest and indictment.

On February 17, 1999, the Court held an arraignment for Defendant, which he failed to appear at. Min. Entry, Feb. 17, 1999. This arraignment was held thirty-five days after Defendant was indicted, which is consistent with the Supreme Court of Guam's analysis in *Rauso II. See Rauso*, 2011 Guam 14 ¶ 14 (stating a defendant should be arraigned within sixty days after the filing of a complaint unless good cause is shown). Consequently, had Defendant not failed to appear at his arraignment, he would have been arraigned within the requirements of *Rauso II.*

Defendant does not offer an explanation as to why he failed to appear at the February 17, 1999 arraignment. The Court notes that it issued a summons on January 13, 1999, which summoned Defendant to the February 17, 1999 arraignment and provided Defendant with a copy of the indictment. Summons, Jan. 13, 1999. On Feb. 16, 1999, Superior Court of Guam deputy marshals filed an Affidavit of Non-Service attesting that "attempts were made to locate Defendant but unable to locate Defendant." *Id.* The Affidavit of Non-Service stated that deputy marshals attempted to serve Defendant three times at the address he provided, and the deputy marshals needed more information on Defendant. *Id.* The Court finds the statements

contained in the Affidavit of Non-Service constitute a diligent effort to serve Defendant. *See Julian*, 2012 Guam 26 ¶ 29 (requiring deputy marshals provide an explanation as to the failure to serve a criminal defendant).

"In view of the difficulty of locating people in modern society and the difficulty proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." *State v. Greenwood*, 845 P.2d 971, 979 (Wash. 1993). Thus, where law enforcement agents demonstrate "due diligence" in attempt to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the timing rules when they are out of contact with the criminal justice system. *Id.* The Court finds that the Affidavit of Non-Service satisfies the due diligence requirement. Therefore, although Defendant was not arraigned within sixty days after the Indictment was filed, the Court finds there was no violation of Defendant's statutory right to a speedy trial.

**B. There is no violation of Defendant's constitutional speedy trial right because Defendant cause the delay.**

The Supreme Court of the United States has held that courts should evaluate four factors when determining whether a constitutional speedy trial right violation occurred: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Supreme Court of the United States also stated that no one factor is dispositive and "the factors must be considered together and balanced in relation to all of the relevant circumstances of the delay in bringing the defendant to trial." *Id.* at 533.

## 1. The Length of Delay

The length of the delay between the Defendant's indictment and arraignment is twenty-three years, which is tremendous. Defendant argues that the length of delay in this case is "presumptively prejudicial." Mot. to Dismiss at 4–5. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial delay,' since, by definition he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). A twenty-three year delay to trial is presumptively prejudicial because witnesses' memories have likely faded or witnesses are unable to be located, and the evidence may have deteriorated or become misplaced altogether with the passage of time. *See Guam v. Flores*, 2009 Guam 22 ¶ 44 (finding a delay of six years was presumptively prejudicial); *see also People v. Mendiola*, 1999 Guam 8 ¶ 24 (finding a delay of four and a half years was presumptively prejudicial). Thus, the Court finds that the delay in this case is presumptively prejudicial because of the tremendous length of the delay. However, a finding that delay is presumptively prejudicial does not result in an automatic speedy trial violation as Defendant suggests; it only begins the inquiry into the other *Barker* factors.

## 2. The Reason for Delay

The Supreme Court of Guam has stated that "[i]n analyzing the reasons for delay, we examine which party was responsible for the delay." *Flores*, 2009 Guam 22 ¶ 45. "*Barker* identifies three types of reasons for delay: (1) deliberate delay; (2) negligent delay; (3) justified delay." *Id.* (citing *Barker*, 407 U.S. at 531).

The primary reason for the delay is Defendant's decision to abscond to Chuuk. "[D]elay caused by the defendant weighs against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90. "That rule accords with the reality that defendants may have incentives to employ delay as a 'defense tactic:' delay may 'work to the accused's advantage' because 'witnesses may become unavailable or their memories may fade over time.'" *Id.* (citing *Barker*, 407 U.S. at 531). This reality appears correct in Defendant's case; the facts in the record demonstrate that Defendant left Guam for Chuuk twenty-three years ago with the hope that this case would go away.

Defendant states that he was arrested at Antonio B. Won Pat International Airport when entering Guam in 2018, but the arresting officer released Defendant because his case is more than ten years old. Def.'s Mot. to Dismiss at 1. Defendant argues that the People caused further delay by failing to prosecute this case following the 2018 arrest. *Id.* at 2. The Court notes that Defendant has not provided any documentation of the 2018 arrest, and the Court finds none in the record. Assuming the 2018 arrest occurred and law enforcement failed to notify the People of Defendant's arrest, the additional four-year delay would not be solely attributed to Defendant. The Court therefore analyzes the delay to determine whether it is deliberate delay, negligent delay, or justified delay.

"Deliberate delay which includes 'an attempt to delay the trial in order to hamper the defense' or 'to gain some tactical advantage over (defendants) or to harass them' is weighed heavily against the government.'" *Flores*, 2009 Guam 22 ¶ 45 (citing *Barker*, 407 U.S. at 531). "Negligent delay is weighted less heavily against the government than deliberate delay 'but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *Id.* "Justified delay, which

includes such occurrences as missing witnesses or delay for which a defendant is primarily responsible is not weighted against the government.'" *Id.*

There is nothing in the record that indicates the People attempted to delay trial in order to gain tactical advantage or harass Defendant. The People represent that it was unaware of the 2018 arrest, and as there is no record of the 2018 arrest, the Court finds this representation to be credible. Consequently, the delay was not deliberate. Even so, this delay was not the primary responsibility of Defendant; to the contrary, the delay hindered his defense by preventing trial from occurring for another four years and increased the risk that witnesses and evidence would not be available. As a result, the delay is not justified. The Court finds the delay is negligent delay because it is the result of the confusion among law enforcement. This delay is therefore attributed to the People.

Upon weighing the seventeen year delay attributed to Defendant's absconding and the four year delay attributed to the failure of law enforcement to hold Defendant, the Court finds that this factor weighs in favor of the People. Assuming the 2018 arrest occurred, it does not negate the People's attempts to prosecute the case in 1999. Although it would have been more efficient to arraign Defendant in 2018, the additional four year delay was negligent and significantly less in length than the delay attributed to Defendant.

### 3. Defendant's assertion of his right

Defendant did not assert his right to speedy trial until November 14, 2022. Assertion or Waiver of Speedy Trial Rights and Request for Jury of Twelve in Felony Case, Nov. 14, 2022. The Court finds nothing in the record indicating that Defendant asserted his right to a speedy trial prior to the issuance of a bench warrant in on February 17, 1999, which would have tolled the speedy trial clock if he had asserted his right to speedy trial. *See Flores*, 2009 Guam 22 ¶

32 (stating delay attributed to the defendant does not count in speedy trial calculations). The Supreme Court of the United States has found that where the record suggests the defendant did not want a speedy trial, it is not likely defendant's speedy trial right was violated. *See Barker*, 407 U.S at 536 ("But barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial."). In *Barker*, the Supreme Court of the United States found that Defendant's lack of assertion of his speedy trial right and failure to object to the prosecution's motions for continuances indicated the defendant did not want a speedy trial. *Id.* at 534–35. Additionally, the Supreme Court of the United States stated "[t]he probable reason for [defendant's] attitude was that he was gambling on [co-defendant's] acquittal." *Id.* at 535.

Unlike *Barker*, the delay in Defendant's case cannot be attributed to the People. As discussed, the delay is attributed to Defendant. The defendant in *Barker* failed to object to the prosecution's delay in his case, whereas Defendant failed to appear at his arraignment and left Guam for twenty-three years. Based on the reasoning in *Barker*, it is clear Defendant was not eager to have a speedy trial. It also seems that Defendant was gambling that by leaving Guam he would not have to face prosecution. Thus, the Court finds Defendant's lack of assertion of his speedy trial right until 2022 and Defendant's flight to Chuuk demonstrate Defendant did not want a speedy trial.

### 4. Prejudice to the Defendant

A court examines three interests protected by the right to a speedy trial in evaluating whether a defendant is suffered by prejudice: "(1) preventing oppressive pretrial incarceration;

(2) minimizing anxiety and concern of the defendant; and (3) limiting the possibility that the defense will be impaired." *Flores*, 2009 Guam 22 ¶ 49 (citing *Barker*, 407 U.S. at 532).

Defendant is not currently incarcerated and has not ever been incarcerated while awaiting trial in this case. Similarly, nothing in the record illustrates Defendant experienced any anxiety or concern, and Defendant does not offer any evidence to that point. Rather, it seems that Defendant left for Chuuk and did not contemplate this case.

Defendant does not argue the delay impairs his defense, but the Court considers the issue anyway, as the extraordinary length of the delay would likely impair his defense. "[U]nless the first three *Barker* factors all weigh heavily in favor of a defendant, the defendant must demonstrate actual prejudice." *Flores*, 2009 Guam 22 ¶ 52. The first three factors do not weigh heavily in Defendant's favor, and as a result, actual prejudice is required before Defendant is entitled to relief. Defendant does not identify specific prejudice; he makes a conclusory allegation that the length of delay is "presumptively prejudicial." Mot. to Dismiss at 4–5. As discussed, the delay in this case is presumptively prejudicial, but that merely begins the speedy trial analysis; it does not result in an automatic speedy trial violation.

Defendant also states "[i]n cases of extreme delay, the defendant need not demonstrate specific prejudice, but can rely on the presumption of prejudice created by the extreme delay." *Id.* at 4. Defendant cites *United States v. Muhtorov*, 20 F.4th 558 (10th Cir. 2021) and *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 337, 385 (3rd Cir. 2022). *Id.* These cases are from the United States Court of Appeals Second and Tenth Circuits, and, as such, they are persuasive but not binding. The Supreme Court of Guam—which is binding authority— has explicitly stated that a defendant must demonstrate "actual prejudice" if the other three *Barker*

factors do not weigh heavily in his favor. *Flores*, 2009 Guam 22 ¶ 52. Consequently, Defendant must demonstrate actual prejudice in this case.

Upon weighing the factors, the Court finds the reason for the delay and the fact that Defendant did not want a speedy trial outweigh the length of time and the prejudice to Defendant. The Court acknowledges that twenty-three years is a tremendous delay and that such a length of time influences the presentation of evidence and witnesses. Yet, Defendant failed to appear at the arraignment scheduled within sixty-days after he was indicted. He did not assert his right to speedy trial until 2022, and nothing in the record indicates he attempted to facilitate a speedy trial. "The State is not responsible for periods of delay in which a defendant is outside of the jurisdiction and it is unaware of his or her whereabouts." *State v. Palacio*, 146 N.M. 594 ¶ 16. While the length of the delay likely results in prejudice to Defendant, he has failed to demonstrate with particularity the exculpatory evidence that he would have offered and how it is material to his case. Accordingly, the Court finds that Defendant's constitutional right to a speedy trial was not violated.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss.

SO ORDERED, this ___3 | 15 | 23___.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

Decision and Order
Case No. CF0040-99, *People v. Pouni Mori*
Page 11 of 11